# Exhibit A



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

**14 - 0 0 0 0 8 7 8**

Fernando Diaz Zarate
_____
Plaintiff

vs.

Case Number _____

Washington Food and Supply of DC, Inc.
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joffrey Gutman
_____
Name of Plaintiff's Attorney

2000 G St, NW
_____
Address

Washington DC 20052
_____

202-994-5797
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| FERNANDO DIAZ ZARATE<br>c/o Jacob Burns Community Legal Clinics<br>George Washington University Law School<br>2000 G St. N.W.<br>Washington, D.C. 20052<br><br>*Plaintiff*<br><br>v.<br><br>WASHINGTON FOOD & SUPPLY OF D.C., INC.<br>1270 4th St. NE<br>Washington, D.C. 20002<br><br>Serve:<br>D.C. REGISTERED AGENT INC.<br>RE: Washington Food & Supply of D.C., Inc.<br>1120 20th Street NW<br>S-300-RLK<br>Washington, D.C. 20036<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
C   Clerk's Office
FEB 1 4 2014
... of the
District of Columbia
Washington, D.C

14 - 0 0 0 0 7 8
Civ. No.
Jury Trial Demanded

## COMPLAINT

1. Plaintiff, Fernando Diaz Zarate ("Mr. Diaz Zarate") brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the District of Columbia Minimum Wage Act Revision Act ("MWARA"), D.C. Code § 32-1001, *et seq.*, against his former employer, Washington Food & Supply of D.C., Inc. ("Defendant").  From November 2006 to December 17, 2013, Mr. Diaz Zarate regularly worked between sixty-two and ninety-one hours per week.  However, the Defendant did not fully pay Mr. Diaz Zarate for the hours he worked, or pay him at the legally required overtime rate.  Through this action, Mr. Diaz Zarate seeks unpaid minimum and overtime wages, liquidated damages, reasonable attorney's fees, litigation costs, and prejudgment interest.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Mr. Diaz Zarate's claims pursuant to D.C. Code § 11-921(a).

3. Venue is proper in this Court because the Defendant resides and operates within the District of Columbia, and the events and omissions giving rise to the claims occurred in within the District of Columbia.

## PARTIES

4. Mr. Diaz Zarate is a resident of the District of Columbia.

5. Mr. Diaz Zarate worked for the Defendant from approximately November 2006 until December 17, 2013.

6. Mr. Diaz Zarate was an employee of the Defendant within the meaning of FLSA, 29 U.S.C. § 203(e)(1) and of D.C. Code § 32-1002(1) because the Defendant hired Mr. Diaz Zarate, permitted his work, and paid him for his work.

7. The Defendant is a wholesale grocery distributor located at 1270 4th Street, NE, Washington, D.C. 20002.

8. The Defendant is an "enterprise engaged in commerce" under 29 U.S.C. § 203(s)(1)(A) because it has employees handling, selling, or otherwise working on goods that have been moved in commerce, and has an annual gross volume of sales exceeding $500,000.

9. The Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) and of D.C. Code § 32-1002(3) because the Defendant provided work schedules, payment, and instructions to Mr. Diaz Zarate in order to serve the Defendant's interest as a business.

2

## FACTUAL ALLEGATIONS

10. Throughout his employment with the Defendant, Mr. Diaz Zarate's responsibilities included stocking shelves with wholesale groceries and maintaining inventory for the Defendant at its warehouse.

11. From approximately November 2006 until December 17, 2013, the Defendant required Mr. Diaz Zarate to work a fixed schedule from 6:00 am–4:30 pm on Mondays and Tuesdays, and from 6:00 am–5:00 pm on Wednesdays through Saturdays.  Mr. Diaz Zarate received thirty minutes of unpaid lunch time each day.

12. Beginning in January 2007, in addition to the above fixed schedule, every year during the months of November through April, the Defendant also required Mr. Diaz Zarate to extend his work three days a week until 9:00 pm–10:00 pm.  During the months of May through October, the Defendant required Mr. Diaz Zarate to work six days a week until 9:00–10:00 pm.  Mr. Diaz Zarate thus worked between seventy-four to ninety-one hours every week until his employment ended on December 17, 2013.

13. For portions of his employment, the Defendant did not pay Mr. Diaz Zarate for each of the hours he worked.

14. In addition, for much or all of his employment, the Defendant did not pay Mr. Diaz Zarate the legally required overtime premium for all hours worked over forty per week or fully pay him that overtime premium.

15. The Defendant sometimes paid Mr. Diaz Zarate for some overtime hours in cash at the rate of $10.00 per hour, but these payments, when received, were less than the legally required overtime wage.

3

## CLAIMS

### COUNT I: VIOLATION OF MWARA FOR OVERTIME

16. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

17. Pursuant to the D.C. Code § 32-1003(c), all employees must be paid one and half times their regular hourly wage for each hour worked in excess of forty hours per work week.

18. From January 1, 2006 through July 23, 2008 the D.C. minimum wage was $7.00, making the minimum overtime wage at least $10.50 for hours worked in excess of forty hours per work week.  D.C. Code §§ 32-1003(a), 32-1003(c).

19. From July 24, 2008 through July 23, 2009 the D.C. minimum wage was $7.55, making the minimum overtime wage at least $11.33 for hours worked in excess of forty hours per work week.  D.C. Code §§ 32-1003(a), 32-1003(c).

20. From July 24, 2009 through January 17, 2014 the D.C. minimum wage was $8.25, making the minimum overtime wage at least $12.38 for hours worked in excess of forty hours per work week.  D.C. Code §§ 32-1003(a), 32-1003(c).

21. From December 2, 2007 to December 17, 2013, the Defendant sometimes paid Mr. Diaz Zarate in cash at an overtime rate of $10.00 per hour.

22. The Defendant violated D.C. Code § 32-1003(c) by failing to pay Mr. Diaz Zarate the legally required overtime wage of one and half times the minimum wage or the regular rate of pay (whichever is higher) for the hours he worked in excess of forty hours in a work week.

4

## COUNT II: VIOLATION OF FLSA FOR OVERTIME

23. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

24. Pursuant to 29 U.S.C. § 207(a), all non-exempt employees must be paid one and a half times their regular hourly wage, or the minimum wage (whichever is higher) for every hour worked in excess of forty hours per work week.

25. The Defendant violated 29 U.S.C. § 207(a)(1) by failing to pay Mr. Diaz Zarate the legally required overtime wage of one and half times his regular rate of pay or the minimum wage (whichever is higher) for the hours he worked in excess of forty hours in a work week.

## COUNT III: VIOLATION OF MWARA FOR UNPAID MINIMUM WAGE

26. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

27. MWARA requires all non-exempt employees to be paid at least the D.C. minimum hourly wage.  D.C. Code § 32-1003(a)(2) (requiring an hourly wage of at least $7.00 from January 1, 2006 through July 23, 2008, $7.55 from July 24, 2008 through July 23, 2009, and $8.25 from July 24, 2009 through January 17, 2014).

28. The Defendant violated D.C. Code § 32-1003(a)(2) by failing to pay Mr. Diaz Zarate the required minimum wage for the hours he worked, but was not paid.

## COUNT IV: VIOLATION OF FLSA FOR UNPAID MINIMUM WAGE

29. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

30. The FLSA requires all non-exempt employees to be paid at least the federal minimum hourly wage.  29 U.S.C. 206(a)(1)(C) (requiring an hourly wage of at least $5.15 from September 1, 1997 through July 23, 2007, $5.85 from July 24, 2007 through July 23, 2008, $6.55 from July 24, 2008 through July 23, 2009, and $7.25 from July 24, 2009 through January 17, 2014).

31. The Defendant violated 29 U.S.C. 206 (a)(1)(C) by failing to pay Mr. Diaz Zarate the required minimum wage for the hours he worked, but was not paid.

## COUNT V: QUANTUM MERUIT

32. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

33. Mr. Diaz Zarate rendered valuable services to the Defendant.

34. Those services were accepted by the Defendant.

35. The Defendant was reasonably notified that Mr. Diaz Zarate expected to be paid for the services rendered.

36. The Defendant is liable on a theory of quantum meruit for payment to Mr. Diaz Zarate for all hours for which he worked for the Defendant, but was not paid.

## COUNT VI: UNJUST ENRICHMENT

37. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through 15.

38. Mr. Diaz Zarate worked for the Defendant and was not paid for some of his work, thereby conferring a benefit on the Defendant.

39. The benefits conferred on the Defendant for not paying Mr. Diaz Zarate for work he performed were retained by the Defendant.

6

40. The Defendant's retention of the benefit is unjust.

41. The Defendant is liable on a theory of unjust enrichment for payment to Mr. Diaz Zarate
for all hours the Defendant did not pay him for work he performed.

### COUNT VII: BREACH OF CONTRACT

42. Mr. Diaz Zarate repeats and re-alleges the allegations set forth in paragraphs 1 through
15.

43. Mr. Diaz Zarate and the Defendant entered into a contract in which Mr. Diaz Zarate
agreed to work for the Defendant in exchange for payment for all hours he worked.

44. The Defendant breached that contract when they failed to pay Mr. Diaz Zarate for some
of the work he performed.

45. Mr. Diaz Zarate suffered harm as a result of the Defendant's breach.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Diaz Zarate respectfully requests this Court to enter judgment
against the Defendant and hereby award Mr. Diaz Zarate:

(a) Actual damages in the amount of Mr. Diaz Zarate's unpaid wages, to be determined
at trial, as provided for by D.C. Code § 32-1012 and 29 U.S.C. § 206(a).

(b) Actual damages in the amount of Mr. Diaz Zarate's unpaid minimum and overtime
wages, to be determined at trial, as provided for by D.C. Code §§ 32-1012(a), 32-
1003, and 29 U.S.C. § 207(a)(1).

(c) Liquidated damages in an amount equal to actual damages as provided for by
D.C. Code §§ 32-1012(a), 32-1308; 29 U.S.C. § 207(a), 29 U.S.C. § 216.

(d) Costs and attorney's fees as provided for by D.C. Code §§ 32-1012(c), 1308(b), and
29 U.S.C. § 216.

7

(e) Any and all other legal or equitable relief to which Mr. Diaz Zarate is entitled.

Dated: February 14, 2014

Respectfully submitted,

Jeffrey S. Gutman (D.C. Bar # 416954)
Professor of Clinical Law
Benjamin Flick (LS # 13524)
Juan Garcia-Pardo (LS# 13507)
Student Advocates
George Washington University Law School
Public Justice Advocacy Clinic
2000 G St., N.W.
Washington, D.C. 20052
(202) 994-5797 (tel)
(202) 994-4946 (fax)
jgutman@law.gwu.edu (e-mail)