## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement"), is by and between Fernando Diaz Zarate ("Plaintiff" or "Diaz"), and Washington Food & Supply of D.C., Inc. ("WFSDC"). WFSDC may hereinafter be referred to as "Defendant" and Diaz and WFSDC may hereinafter be collectively referred to as the "Parties".

## RECITALS

WHEREAS, on or about February 14, 2014, Diaz filed suit in D.C. Superior Court against WFSDC alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq.* ("MWARA"), and alleging common law and equitable claims arising from non-payment of wages, and that case subsequently removed by WFSDC to the United States District Court for the District of Columbia, Case No. 1:14-cv-00386-AK (the "Litigation"); and

WHEREAS, Plaintiff contends, *inter alia*, that he was an employee of Defendant and the Defendant failed to pay him for portions of the time he worked for it and for the required overtime premium for hours worked in excess of forty each workweek; and

WHEREAS, Defendant asserts that Plaintiff was properly compensated for the hours worked, and that Plaintiff did not work the hours he claims to have worked and for which he claims payment; and

WHEREAS, Defendant has denied any and all allegations of wrongdoing asserted by Plaintiff in the Litigation;

WHEREAS, Plaintiff and Defendant, without admitting any liability whatsoever in any respect, and solely out of mutual desire to forego the further expenditure of time and expense of

-1-

litigation in relation the Litigation, desire to resolve this dispute between them, settling the Litigation on the terms described herein;

NOW THEREFORE, in consideration of the Recitals, the mutual promises made herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. <u>Payment.</u> Defendant shall, within 14 calendar days of the order by the Court approving this settlement, pay to Diaz a total amount of Sixteen Thousand Dollars ($16,000.00) in connection with the settlement of the Litigation (the "Payment"). This Payment shall be made in the form of two checks. One check will be made payable to Plaintiff in the amount of $8,000.00, less lawful deductions, representing alleged unpaid wages and subject to IRS Form W-2. One check will be made payable to Plaintiff, without deductions and subject to IRS Form 1099, in the amount of $8000.00, representing alleged liquidated damages. These payments represent a full and final settlement of all claims that were raised or could have been raised by Diaz, including claims for attorney's fees and costs, in the Litigation. The payment shall be delivered to Plaintiff's counsel and shall be deemed made when mailed or otherwise delivered. Plaintiff agrees that the foregoing Payment shall constitute a full and complete settlement of the Litigation and shall constitute the entire amount of monetary consideration provided to Plaintiff. Plaintiff further agrees that he will not seek any further compensation for any other claim, damages, costs or attorney's fees in connection with the matter encompassed in this Agreement. Plaintiff also acknowledges the sufficiency of the consideration. Plaintiff further agrees that he is not a prevailing party with respect to the Litigation.

2.	If Defendant fails to make the payment within two business days of its due date, Plaintiff shall then execute and send a demand letter by e-mail to counsel of record regarding non-payment. If payment is made within five business days of receipt of the demand letter, the payment shall include a $50 per day penalty for late payment, commencing the day after payment was due. If the payment owed is not paid within five business days of receipt of the demand letter, Plaintiff may then file an action or a motion to enforce the Agreement against Defendant to enforce payment under Paragraph 17 of this Settlement Agreement.

3.	<u>Tax Forms.</u> Defendant will prepare and provide to Plaintiff, by mailing to his counsel, timely and accurate W-2s and/or Form 1099s and any other legally required forms of any federal, state or local taxation authorities in connection with the Payment described in paragraph 1, above. If Defendant fails to comply with the preceding sentence by January 30, 2015, then Plaintiff's counsel shall then execute and send a demand letter by e-mail to Defendant's counsel regarding compliance. Should Defendant fail to timely provide Plaintiff's counsel with the legally required tax forms within seven (7) calendar days of receiving the e-mail described in the preceding sentence, Defendant agrees to indemnify and hold Plaintiff harmless in the event that he is assessed with any penalties or interest by the IRS (or any state or local government agency) resulting from such failure.

4.	<u>Dismissal.</u> Upon execution of this Agreement, Plaintiff shall within 3 calendar days file a consent motion for approval of settlement and dismissal of the Action with prejudice. If the court refuses or fails to dismiss Plaintiff's claims in the Action or fails to approve this Agreement, this Agreement shall be null and void.

5.      Release of Claims against Defendant. Plaintiff agrees that, in consideration of the Payment described in Paragraph 1, above, he will, and hereby does, forever and irrevocably release Defendant and its respective officers, agents, owners, partners, directors, employees, representatives, independent contractors, attorneys, affiliates, parents, predecessors, employee benefit plans, insurers, purchasers, assigns, representatives, successors and successors in interest, (herein collectively referred to as "Releasees") from any and all claims, actions, causes of action, damages of any kind, demands, debts, defenses, grievances, obligations, contracts, promises, judgments, expenses, costs, attorneys' fees, compensation, and liabilities, known or unknown, suspected or unsuspected, whether the same be at law, in equity, or mixed, in any way arising from or relating to any act, occurrence, or transaction on or before the date of his signing of this Agreement, including without limitation his employment and separation of employment from Defendant (collectively, the "Released Claims"). **THIS IS A GENERAL RELEASE.** Plaintiff expressly acknowledges that the Released Claims includes, but is not limited to, Plaintiff's intent to release Defendant from any claim asserted in, or related to or connected to, the Litigation in any way and any claim relating to his employment at or by Defendant, including but not limited to, tort and contract claims, claims for contribution or indemnity, wrongful discharge claims, pension claims, employee benefit claims, severance benefits, arbitration claims, statutory claims, injunction claims, claims for damages, claims under any state, local or federal wage and hour law or wage payment or collection law, and claims of discrimination, retaliation or harassment, or any other claim arising under Section 1981 of the Civil Rights Act of 1866, the Title VII of the Civil Rights Acts of 1964 and 1991 as amended, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Age Discrimination In Employment Act ("ADEA"), the Employee Retirement

Income Security Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the FLSA, MWARA, D.C. Laws, the District of Columbia Human Rights Act, or other laws of the District of Columbia and any other law, statute, regulation or ordinance prohibiting employment discrimination or governing employment.

6. <u>No Other Claims.</u> Plaintiff represents and warrants that Plaintiff has not filed, participated nor assigned to others the right to file, nor are there currently pending, any complaints, lawsuits or claims against the Releasees with any court, arbitration or administrative agency (other than the Litigation), and Plaintiff hereby promises that Plaintiff with not file, participate or assign to others the right to file, or make any further claims against the Releasees at any time for actions taken up to and including the date Plaintiff executes this Agreement. Notwithstanding the foregoing, nothing in this Agreement prevents Plaintiff from filing a charge or complaint with or from participating in an investigation or proceeding conducted by any federal, state or local agency charged with the enforcement of any employment laws, although by signing this release Plaintiff does hereby waive any right or claim to individual relief based on claims asserted in such a charge or complaint. This release shall not affect the obligations of WFSDC under this Agreement.

7. <u>Release of Claims against Diaz</u>. WFSDC, on their behalf and on behalf of their successors and assigns, hereby releases and forever discharges Diaz, his agents, attorneys, successors and assigns of and from any and all manner of action and actions, cause and causes of action, suits, debts, damages, claims and/or demands, in law and/or in equity, which they may have relating to any and all claims asserted or which could have been asserted in, or in any way related or connected to, the Litigation. This Release shall not affect the obligations of Diaz under this Agreement.

8. <u>Confidentiality.</u> The Parties acknowledge and agree that the terms of this Agreement are, and shall remain confidential, and that the confidentiality of this Agreement is a material term hereof. The Parties agree that neither they nor their attorneys, representatives or agents, will reveal, publicize, disclose or discuss the basis of the claims or the terms of this Agreement, and that the Agreement provisions and the basis of the claims shall be held and remain in strict confidence forever. Notwithstanding anything to the contrary herein, the Parties may discuss this Agreement and disclose its terms (i) pursuant to the valid order of any court of competent jurisdiction; (ii) to their attorneys and/or tax advisors in order to obtain legal and tax advice concerning the consequence of the payments made, but disclosure to said attorneys and advisors shall be made conditional upon said attorneys and advisors agreeing to maintain confidentiality and (iii) immediate family members, but such disclosure shall be made conditional upon the family members agreeing to maintain confidentiality.

9. <u>Mutual Non-Disparagement / Non-Publicity.</u> The Defendant promises, represents and warrants that as of the execution date of this Agreement that its officers and owners will not hereafter make or solicit the making of any statement that serves to disparage, criticize or denigrate the Plaintiff. The Plaintiff promises, represents and warrants that as of the execution date of this Agreement, he will not hereafter make or solicit the making of any statement that serves to disparage, criticize or denigrate the Defendant (and its officers, agents, owner, directors, employees and/or representatives), or the products or services of the Defendant. Except as may be required to effect approval by the Court of this Agreement, and enforcement of this Agreement, Plaintiff will not seek out others or initiate any communications with others to disseminate any information concerning this Agreement or the Litigation. If others approach the Plaintiff with

regard to this Litigation, Plaintiff will advise any such person that the Defendant denied all liability and that the Litigation settled. If asked for further information, the Plaintiff may only indicate to the person that the case was litigated in the United States District Court for the District of Columbia and that the person may access the Court for further information regarding the Litigation. Without limitation, the Plaintiff will not publicize the Litigation, or this Agreement, and will not blog, email, or post on any website any statements or information concerning this Litigation, or this Agreement, nor shall he or his spouse, accountants, and/or attorneys to do the same. It is expressly understood that the provisions of the Agreement and breach of this paragraph will support a cause of action for breach of contract and injunctive relief.

10. <u>Non-Admission of Liability or Wrongful Conduct.</u> This Agreement shall not be construed as an admission by the Defendant of any liability or acts of wrongdoing, nor shall it be admissible in any proceeding as evidence of liability or wrongdoing by Defendant.

11. <u>Non-Retaliation</u>. Except as agreed to herein, the Defendant agrees to comply with 29 U.S.C. § 215(a)(3) and D.C. Code § 32-1010(3) by not discriminating against the Plaintiff for filing the Litigation.

12. <u>Employment Verification</u>. All reference requests from Plaintiff's prospective employers shall be made in writing addressed to the attention of Sandy Sohn or, if made by telephone, shall be directed to call Sandy Sohn at (202) 543-9500. Upon request, Sandy Sohn (or her designee) will provide to prospective employers Plaintiff's dates of employment, job titles, and final compensation rate. Sandy Sohn (or her designee), if asked, will also indicate to a requesting prospective employer that it is company policy to only provide this information (i.e. neutral references). Disclosure of such information by Defendant as provided for herein shall not

constitute a breach of the confidentiality provision of Paragraph 8. Further, Plaintiff waives any right to future employment with Defendant or any parents, subsidiaries, or successor of Defendant. Plaintiff further agrees not to apply knowingly for, seek, or pursue employment at any of the Defendant or any such related entities, and agrees that Defendant or such related entities have no obligation to consider any such application. The Plaintiff expressly agrees that any action he may undertake contrary to the preceding two sentences cannot form the basis of a claim pursuant to 29 U.S.C. § 215(a)(3) and/or D.C. Code § 32-1010(3).

13. <u>No Representations</u>. Each party represents that it has carefully read and understands the scope and effect of the provisions of this Agreement. A professional interpreter has translated this Agreement into Spanish for Mr. Diaz prior to signing it. No party has relied upon any representation nor statement made by any other party hereto which is not specifically set forth in this Agreement.

14. <u>Costs and Attorney's Fees</u>. Each party shall bear their own costs, expenses, and attorney's fees with respect to the Litigation and this Agreement.

15. <u>Entire Agreement.</u> This constitutes the entire Agreement between the Parties, supersedes all prior or contemporaneous oral or written agreements (except the Stipulated Order Regarding Confidentiality of Documents), and shall not be modified except by a document signed by the Parties.

16. <u>Return of Confidential Materials.</u> Within 7 days of the dismissal of the Litigation, Plaintiff agrees to return to Defendant all documents (as well as all copies) that were produced by Defendant and marked as "CONFIDENTIAL" pursuant to the terms of the Stipulated Order Regarding Confidentiality of Documents.

17.  <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia, without regard to conflict of laws principles.  In any action brought to enforce any provisions of this Agreement, the prevailing party shall be entitled to recover its reasonable costs of enforcement, including, without limitation, costs and reasonable attorneys' fees incurred therein, the penalty set forth in Section and accrued interest at the statutory rate commencing on the date the payment was due, in addition to any other relief granted.

18.  <u>Acknowledgement.</u>  The Parties further represent that they have carefully read this Agreement, that they understand all of its terms, that they had a reasonable amount of time to consider their decision to sign it, that they have been advised to discuss all the terms of this Agreement with an attorney of their choice, and that they enter into this Agreement voluntarily, of their own free will, without any duress and with knowledge of its meaning and effect.

19.  <u>Counterparts.</u>  This Agreement may be executed in multiple counterparts which, taken together, shall constitute a single instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

_____   06/25/14
Fernando Diaz Zarate                                      Date

**Washington Food & Supply of D.C., Inc.**

By: _____   _____
Sandy Sohn, an authorized representative   Date
of Washington Food & Supply of D.C., Inc.